UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZOFO BENJAMIN,

    Petitioner,

    v.      CAUSE NO. 3:22-CV-127-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Zofo Benjamin, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-10-271) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction Offense 113. Following a hearing, he was sanctioned with the loss of one hundred eighty days credit time and a demotion in credit class.

Benjamin argues that he is entitled to habeas relief because the video recording summary did not identify the trafficked items.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines trafficking as "giving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee." ECF 9-2. The administrative record includes a conduct report in which an investigator observed Benjamin move a package from outside into a bathroom in a housing unit. ECF 9-1. According to the conduct report, Benjamin told the investigator that he retrieved the package on someone else's behalf, that it contained cellphones and tobacco, and that he threw the package in a shower. *Id.* The administrative record also includes a video recording summary that is consistent with the conduct report. ECF 9-5. The conduct report and the video recording summary constitute some evidence that Benjamin committed trafficking. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

In the traverse, Benjamin argues that he is entitled to habeas relief because he trafficked the package under the threat of harm from other inmates. However, just as self-defense is not a valid defense in the context of a prison disciplinary proceeding, neither is duress. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (self-defense is not a valid defenses to assault in the context of a prison disciplinary action); *Scruggs v. Jordan*, 485 F.3d 934, 938 (7th Cir. 2007) (same); *Rowe v. DeBruyn*, 17 F.3d 1047, 1051 (7th Cir. 1994) (same).

If Benjamin wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v.*

*Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Zofo Benjamin leave to appeal in forma pauperis.

SO ORDERED on June 10, 2022

                                                s/ Michael G. Gotsch, Sr.
                                                Michael G. Gotsch, Sr.
                                                United States Magistrate Judge